ROLLIN H. PELTON, SUPERVISOR OF TALLMADGE TOWNSHIP v. OTTAWA COUNTY SUPERVISORS.

*Alteration of town bounds—Notice—Map.*

1. "Notice in writing" must be posted of any application to a board of supervisors to detach territory from one township and add it to another. How. St. § 487. *Held* that such notice may not only be printed, but the names thereto attached, if properly authenticated, may also be printed.

2. The map which petitioners for a change in township boundaries are required by How. St. § 486 to furnish to the board of supervisors need not show the full topography of all the townships to be affected; it is enough to give the boundaries and sections or parts of sections for each, together with the place and course of any natural boundaries, if any, that are to be established as limits.

3. Where notices of the hearing of an application to alter township boundaries are shown to have been seasonably given, it is immaterial that an affidavit showing that the notices were posted on different specified days does not show on which day the first was posted.

Certiorari to the Board of Supervisors for Ottawa county. Jan. 23.—Jan. 29.

*George H. White* for plaintiff in certiorari. Where notice in writing of proceedings to detach territory is

required, the proof of notice must show compliance: *Perrien v. Fetters* 35 Mich. 235; *Scrafford v. Gladwin Supervisors* 41 Mich. 649; *Chandler v. Nash* 5 Mich. 416; *Weed v. Lyon* Walk. Ch. 78; *Shadbolt v. Bronson* 1 Mich. 85; *Van Auken v. Highway Commissioners* 27 Mich. 414; printed signatures will not answer: *Taylor v. Burnap* 39 Mich. 739; *Sharpshooters' Ass'n v. Highway Com'rs* 34 Mich. 38; *Davis v. Shields* 26 Wend. 350.

*Geo. C. Stewart* and *H. M. Campbell* for defendant in certiorari. A printed signature is sufficient within the statute of frauds: Browne Stat. Frauds § 356; 2 Story Cont. § 1453; 1 Pars. Cont. 544: 3 id. 8; Edwards on Bills 466; *Durrell v. Evans* 1 H. & C. 174; *Schneider v. Norris* 2 M. & S. 286; *Saunderson v. Jackson* 3 Esp. 181: 2 Bos. & P. 238; *Com. v. Ray* 3 Gray 447; *Henshaw v. Foster* 9 Pick. 312; *Wheeler v. Lynde* 1 Allen 402; *Com. v. Foster* 114 Mass. 319; a notary's signature to a protest may be in print: *Fulton v. Maccracken* 18 Md. 528; *Munroe v. Woodruff* 17 Md. 159; an adopted signature is legal: *Eggleston v. Wagner* 46 Mich. 610; *Johnson v. Van Velsor* 43 Mich. 208; *Just v. Wise* 42 Mich. 573.

SHERWOOD, J. Certiorari to review the action of the defendant in detaching a part of the territory of the township of Tallmadge and attaching the same to the township of Allendale in the county of Ottawa, under Comp. L. §§ 480–1. [How. St. §§ 486–7].

The plaintiff claims the defendant did not acquire jurisdiction to detach such territory and make such change, because the statutory notice of the proceeding was not given and no map of all the townships to be affected thereby showing the proposed alterations was furnished to the board of supervisors as required by statute. The action complained of was taken on the following proceedings:

*First.* A petition to the board of supervisors praying for such action was subscribed by forty-one persons under the heading "Names Allendale," and by twenty-one persons under the heading "Names Tallmadge." The petition

stated that they were freeholders of the townships of Allendale and Tallmadge. Attached to it is an affidavit of William A. Davis, made December 30, 1882, stating that twelve or more of them are resident freeholders of Tallmadge; also the affidavit of Robert Prichard, made same day, stating that twelve or more of them are resident freeholders of Allendale.

*Second.* A notice was also printed having thereto subscribed sixteen of the signatures of each column of the petition, stating that they would apply to defendant January 2, 1883, to detach said territory (describing it) from Tallmadge, and attach it to Allendale. To it was attached the affidavit of Levi Jackson, made December 22, 1882, naming sixteen of the persons whose names were printed to the notice in the column headed "Allendale," and stating that they are resident freeholders of that township; and also to the affidavit is attached the affidavit of Horace A. Cooley, made December 22, 1882, showing them to be the same who signed the annexed notice. To such notice is also attached the affidavit of Sylvester J. Hall to the same effect as that of Levi Jackson. These three affidavits were attached to a printed notice, the signatures to which are also printed.

*Third.* The affidavit of William A. Davis attached to a duplicate printed copy of last named notice, made December 22, 1882, named fifteen persons whose names are printed to the notice in the column headed "Tallmadge," and stated them to be resident freeholders of that township; and also another affidavit of William A. Davis attached, made same day, stating that the above-named persons are the same who signed the annexed notice; and also to said notice is attached the affidavit of A. J. Davis, of same date, naming those fifteen persons and saying that they are resident freeholders of the township of Tallmadge.

*Fourth.* The affidavit of William G. Barnes, attached to a duplicate copy of said printed notice (that the application would be presented to the defendant January 2, 1883), made January 1, 1883, stating that the annexed notice was pub-

lished in the Coopersville *Observer*, a newspaper, &c., once each week for five successive weeks, and that the first publication of it was November 30, 1882.

*Fifth.* The affidavit of Horace A. Cooley, attached to a duplicate printed notice (same as last mentioned), made December 30, 1882, stating that on November 30 and December 1, 1882, he posted up "true copies" of the annexed notice in five of the most public places in each of said townships, describing the places, and that he caused a "copy of said notice" to be published in the Coopersville *Observer*, a newspaper, etc., once in each week for four successive weeks immediately preceding January 2, 1882.

The aforesaid petition, accompanied by the subsequent proceedings herein stated, was duly presented to the board of supervisors on the 2d day of January, 1883, with a plat of the townships attached thereto, which the petition stated was a map of all the townships to be affected by the division prayed for, and showed the proposed alteration of said townships to be made thereby.

Action was duly had by the defendant on said petition, and prayer thereof granted, and the alteration duly made.

The error complained of relates wholly to the sufficiency of the notice and the map. The statute, speaking upon the subject, says: "Notice in writing of such intended application, subscribed by not less than twelve freeholders * * shall be posted in five of the most public places in each of the townships to be affected thereby, four weeks next previous to such application to the board of supervisors." Comp. L. § 481. [How. St. § 487].

The words "written" or "in writing" may be construed to include printing, engraving and lithographing, except in cases where the written signature is required by law. Under these statutes counsel for plaintiff argued that while the body of the notice might perhaps be printed or lithographed, still both the original notice and copies posted must be authenticated by the genuine written signatures of the signers, and it being a statutory requirement, it is jurisdictional and must affirmatively be made to appear.

We are not able to agree with learned counsel for plaintiff in this conclusion. We see nothing in the proceedings under review requiring such a construction to be given to the statute. The object of the notice is to inform the people of the townships to be affected, of the designed change or alteration of the boundaries of the townships, and that the necessary proceedings are being taken by persons authorized by the statute to prosecute the same. And this is as well done by the printed notice as by the written; and the former will be much more likely to be noticed and read than if in writing. The whole purpose of the notice, though printed, was surely accomplished in this case, because the record discloses that a very strong and numerously-signed protest was presented on the hearing of the petition before the supervisors.

The Statute of Frauds is quite as mandatory in its language as the one now under consideration, and still the clause requiring the contract to be in writing and signed by the party to be charged, has always been held sufficiently complied with by printed memoranda and signatures. Browne Stat. of Frauds § 356; 2 Story on Cont. § 1453; 1 Pars. on Cont. 544; 3 Pars. on Cont. 8; Edw. on Bills; *Durrell v. Evans* 1 H. & C. 174; *Schneider v. Norris* 2 M. & S. 286; *Saunderson v. Jackson* 3 Esp. 181: 2 Bos. & Pul. 238.

If the printed signature is sufficient in these and other cases to create liability to the extent of millions, it is difficult to see why the notice and signatures in this case ought not to be held sufficient. *Com. v. Ray* 3 Gray 447; *Henshaw v. Foster* 9 Pick. 312; *Com. v. Foster* 114 Mass. 319. It has also been held that the signature of a notary to a protest may be printed, and need not be written. *Fulton v. Maccracken* 18 Md. 528; *Munroe v. Woodruff* 17 Md. 159. We find no error in the record upon this point.

The statute requiring the petitioners in this class of cases to furnish the board of supervisors with a map of all the townships to be affected by the divisions showing the proposed alterations, we think was sufficiently complied with in this case. [How. St. § 487].

If the statute is, as claimed by counsel for plaintiff, mandatory, we think he has fallen into an error as to the character and kind of map necessary to be furnished. It does not require the topography,—an exact delineation of the surface and several places in the townships,—to be given, but only the boundaries and sections, or parts thereof, contained in each, together with the place and course of any natural boundaries (as in this instance the stream) constituting the proposed changed limits of the townships. And we think the map furnished in this case quite sufficient for that purpose.

The defect claimed in the proof of posting notices of hearing (one having been posted November 30th and the other December 1st, but the affidavit not showing on which day the first was posted) is immaterial, as time quite sufficient intervened before the hearing, if both had been served on the latter day.

We find no error in the record and the action of the board of supervisors of the county of Ottawa in the premises must be sustained and the writ dismissed, but without costs.

The other Justices concurred.